## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, 09083221, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-1968-M |
| | ) | |
| CITY OF DALLAS MAYOR TOM LEPPERT, | ) | |
| ET AL., | ) | |
|    Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

  Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

  Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas. Defendants are Dallas Mayor Tom Leppert, Officer Andrea Isom and John Doe Officers Number One and Number Two. The Court did not issue process in this case, pending preliminary screening.

  Statement of Case: Plaintiff claims he was attacked by an off-duty Sheriff's employee. He states that Officer Isom: (1) assisted the Sheriff's employee in assaulting him; (2) unlawfully arrested him; and (3) failed to provide him adequate medical care. He states that John Doe Officers Number One and Number Two assisted Officer Isom in violating his civil rights. Plaintiff claims Mayor Leppert is liable as a supervisor of the police officers. He also states he

sent a letter to Mayor Leppert regarding the officers' conduct and Mayor Leppert did not respond. He seeks money damages.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is therefore subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A. Mayor Tom Leppert

Plaintiff seeks to sue Mayor Tom Leppert. To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot

be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff states he sent Mayor Leppert a letter regarding his complaints. There is no evidence, however, that Mayor Leppert ever saw the letter or had knowledge of Plaintiff's complaints. Plaintiff's complaint also fails to allege a sufficient causal connection between Mayor Lepperts's alleged conduct and any constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir.1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (same). Therefore, the claims against Mayor Leppert lack an arguable basis in law and should be dismissed as frivolous.

B. Medical Claims

Plaintiff's claims regarding denial or delay of medical care lack an arguable basis in law and should be dismissed as frivolous. To state a colorable claim under the Eighth Amendment

3

for denial of medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840, 114 S.Ct. 1970, 1979-80, 128 L.Ed.2d 811 (1994).

Plaintiff states that at the time of his arrest, he told Officer Isom he needed medical treatment, but that Officer Isom told him "he looked fine." (Magistrate Judge's Questionnaire, Answer No. 4.) Officer Isom transported him to the Dallas County Jail. Petitioner states that when he arrived at the Dallas County Jail, he received treatment at the jail. (*Id*.) Additionally, after thirty days in jail, he had x-rays taken which showed he had a fractured vertebrae in his neck and a twisted spine. (*Id*.)

Accepting Plaintiff's allegations as true, he has failed to state a claim under § 1983. Plaintiff states he received medical care once he was transported to the Dallas County Jail. Plaintiff has failed to state how he was harmed by not being transported to another location for treatment. Additionally, Plaintiff received follow-up care thirty days later when x-rays were taken. At most, the delay in taking x-rays amounts to negligence, which is not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Plaintiff's claims are without merit and should be dismissed.

C. *Heck v. Humphrey*

Plaintiff seeks damages for unlawful arrest and assault. Plaintiff, however, was convicted of aggravated assault as a result of the incident in this complaint. (*See*, Magistrate Judge's Questionnaire, Answer No. 1.) In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of his conviction for aggravated assault. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. *(See* Magistrate Judge's Questionnaire, Answer Nos. 1-2.) Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 18th day of January, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).